# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

U.S. FUEL CELL, LLC, an Arizona limited
liability company, and EVAN F. MILLER,

      Plaintiffs,

vs.                                                                 No. CV 02-1589 JP/RHS

RELIANCE AEROPRODUCTS INTERNATIONAL,
INC., a Texas corporation, and FRANK
BONILLA-LINERO,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

On May 14, 2003 the Court entered an Order of Dismissal With Prejudice based upon the

parties' Stipulated Motion for Dismissal.  The parties had entered into a Settlement Agreement

and Mutual Release, the terms of which were incorporated by reference into the Order of

Dismissal.  On May 13, 2004 Plaintiffs filed a Motion to Set Aside Order of Dismissal with

Prejudice and Settlement Agreement, or in the Alternative Motion to Enforce Settlement

Agreement (Doc. No. 23).  On June 4, 2004 Defendants filed their Response to this motion.

After allowing the withdrawal of counsel for Plaintiffs on July 8, 2004, the Court notified Plaintiff

Evan Miller of the requirement under D.N.M.LR-Civ. 83.8(c) to obtain counsel for Plaintiff U.S.

Fuel Cell, LLC before proceeding.[1]  On July 28, 2004, Plaintiff Miller filed a *pro se* Reply on his

---

[1] Under long-standing precedent, a corporation may appear in court only by a licensed attorney.  *See*,
e.g., <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993); <u>DeVilliers v. Atlas Corp.</u>, 360 F.2d 292,
294 (10th Cir. 1966); <u>Flora Constr. Co. v. Fireman's Fund Ins. Co.</u>, 307 F.2d 413, 414 (10th Cir. 1962).
D.N.M.LR-Civ. 83.8(c) provides that after an attorney for a corporate party has been allowed to withdraw,
"[a]bsent entry of appearance by a new attorney, any filings made by the [corporate] party may be stricken and
default judgment or other sanctions imposed."

own behalf, not on behalf of the corporation.

Plaintiff Miller has sought various ways to avoid the requirement of an appearance by counsel for the corporation.  In a July 19, 2004 letter to the Court, shortly before filing his Reply brief to the Motion to Set Aside, Plaintiff Miller alleged that "all of the few remaining assets of U.S. Fuel Cell LLC including its cause of action against the above-referenced Defendants" had been assigned to him personally.  Defendants objected, for various reasons, to Miller's request to proceed *pro se* as the sole Plaintiff.  On December 13, 2004, after being given a deadline by the Court, Plaintiff Miller filed a Motion for Substitution Under Rule 25(c) (Doc. No. 36), seeking to substitute himself for Plaintiff U.S. Fuel Cell, LLC.

### I.  Motion For Substitution.

Plaintiff Miller seeks to be substituted as the sole Plaintiff, contending that he is the sole owner of the corporation, and that he "holds as transferee the interest" of the corporation in this lawsuit.  Pl. Motion at 1.  Defendants oppose the motion, asserting that Miller has failed, despite Defendants' requests, to produce any evidence of the alleged "assignment."  Def. Ex. A, Aff. Pels at 1-2.  Even if the assignment has been validly made, Plaintiff Miller has told Defendants that he has not dissolved the corporation in Arizona "as it may very well be soon back in active operation as an aircraft maintenance company."  Aff. Perls, Def. Ex. A, attachment 1.  Defendants argue that the corporation is necessary for just adjudication of this case because the alleged assignment does not purport to assign the potential liabilities of the corporation to Miller, including those it may have to Defendants in this litigation, nor does it appear to be supported by any consideration. Defendants argue that an assignment of duties from the corporation to Miller might be prejudicial to Defendants.

2

Under the parties' Settlement Agreement, Defendant Reliance Aeroproducts International, Inc. ("Reliance") became obligated to make fixed monthly payments and variable quarterly payments to U.S. Fuel Cell, LLC ("USF").  Defendants state that if Plaintiffs' Motion to Set Aside is granted, they will assert counterclaims against both Miller and USF in the resumed litigation, for affirmative relief as well as for offset, setoff and recoupment, and that the best source of recovery they will have in their counterclaims will be to offset the sums paid to USF under the Settlement Agreement.  Defendants also argue that if the Motion to Set Aside is denied, if Defendants were to then file a Rule 11 motion for sanctions incurred as a result of Plaintiffs' filing of the motion, Defendants would seek to offset the amount of the sanctions against future payments to USF under the Settlement Agreement, which they would be unable to do without the presence of USF in the case.

In his Reply, Plaintiff Miller states unequivocally:  "Miller hereby declares that he accepts ALL existing and potential liabilities that U.S. Fuel Cell owed, owes or may owe to Reliance arising from or as a result of this litigation."  Pl. Reply at 2.  Given this declaration, even if the alleged assignment is a sham, the Court's concern about possible prejudice to Defendants has faded.  If either Plaintiff, U.S. Fuel Cell or Miller, incurs any liabilities in this litigation, Defendants may use the preferred offset option.  Also, because Plaintiff Miller appears to be improperly manipulating the judicial system merely to avoid hiring counsel for the corporation,[2] the Court will not afford Miller any extra consideration because of his voluntary *pro se* status.[3]

---

[2] *See* Pl. Reply at 3 (suggesting that to "avoid hiring counsel" is not "a bad thing," and stating that "Miller knows that until this court rules such that Reliance has to file an Answer and discovery commences there is nothing for an attorney to do, but the mere retention of an attorney will cost him a bundle of money given Reliance's track record as an (sic) zealous litigant that prevails by wearing down all opposition").

[3] Evan F. Miller is an attorney, although he is not admitted to practice in this Court.

3

## II. Motion To Set Aside.[4]

This lawsuit was filed after disputes arose about the meaning and intent of a Letter of Intent ("LOI").  The subject of the LOI was transfer of the assets and business of U.S. Fuel Cell, LLC ("USF") to Defendant Reliance Aeroproducts International, Inc. ("Reliance").  The Settlement Agreement that terminated this litigation resolved the disputes about the LOI, and the Settlement Agreement was incorporated into the Court's May 14, 2003 Order of Dismissal.  The Settlement Agreement provides, among other things, that Reliance will make quarterly "percentage payments" to USF based upon "Adjusted Actual Receipts relating to Wet Wing Services performed prior to a Sale Date."  SA, Def. Ex. A, attachment 1 ¶¶ B(2)(a), (b), (c) at 3. Each of the capitalized terms is defined in the Settlement Agreement.  Id. at 2-3.

Relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure is extraordinary and may only be granted in exceptional circumstances.  Ackerman v. United States, 340 U.S. 193, 199-202 (1950); Cummings v. General Motors Corp., 365 F.3d 944, 954 (10th Cir. 2004); Amoco Oil Co. v. United States E.P.A., 231 F.3d 694, 697 (10th Cir. 2000); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990).

*Timeliness.*  Defendants object to the motion as untimely.  The Court agrees.  A motion to set aside a judgment must "be made within a reasonable time," and, when based on allegations of newly discovered evidence or fraud, "not more than one year after the judgment, order, or proceeding was entered or taken."  Rule 60(b).  The Motion to Set Aside was filed almost a year

---

[4]  Although Miller alleges that Defendants have failed to perform the Settlement Agreement, and he includes an offhanded alternative request for "specific enforcement" of the Settlement Agreement, Pl. Motion ¶¶ 13, 14, 15 at 4-5, he provides no factual support, and he fails to rebut the evidence submitted by Defendants that they have fully performed the Settlement Agreement.

after dismissal.  A motion for relief under Rule 60(b) is not timely merely because it was filed

within one year of the judgment.  <u>Cummings</u>, 365 F.3d at 954; <u>White v. American Airlines, Inc.</u>,

915 F.2d 1414, 1425 (10th Cir. 1990); <u>Security Mut. Cas. Co. v. Centruy Cas. Co.</u>, 621 F.2d

1062, 1068 (10th Cir. 1980).  The fact that the delay of nearly a year is completely unexplained

provides a basis for denying the motion.  *See* <u>Cummings</u>, 365 F.3d at 954-55 (when movant failed

to offer sufficient justification for 7-month delay, court did not abuse discretion in denying

motion); <u>White</u>, 915 F.2d at 1425 (finding motion untimely where delay of nearly one year

justified only by party needing time to raise *res judicata* defense); <u>Security Mut. Cas. Co.</u>, 621

F.2d at 1067-68 (finding motion untimely where unexplained delay of 115 days after movant

received notice of grounds for motion).

  In his Reply brief Miller attempts to offer an explanation for his tardy motion.  He states

that the only information he received from Reliance was in the form of quarterly statements in

January 2004 and April 2004, and that only when he reviewed the April 2004 statement did he

realize he was losing large amounts of revenue under the Settlement Agreement.  This occurs

because under the Settlement Agreement Miller receives percentage payments only for sales for

"wet wing services" rather than for all maintenance services.  The Court notes, however, that

under the terms of the Settlement Agreement, Miller is entitled to receive quarterly statements in

January, April, June, and October of each year.  Def. Ex. A, attachment 1 ¶ B(2)(b) at 3.

Furthermore, it is undisputed that quarterly payments have been made to Miller along with

documentation of how the payments were calculated, without objection from Miller, throughout

the year after the Settlement Agreement was executed.

> Quarterly payments have been made to Evan Miller/USF for 'wet
> wing services' for all four quarters of 2003 and for the first quarter
> of 2004 in accordance with [the Settlement Agreement]. . . . For
> each quarterly payment, the back up information or documentation
> was provided to Mr. Miller to show how the quarterly payment was
> calculated. . . . Mr. Miller did not request an audit regarding any of
> the payments.

Aff. Grafe, Def. Ex. B ¶¶ 5, 6 at 2-3. Not only has he failed to rebut the fact that he has been

receiving these payments and reports regularly ever since this case was dismissed, but also Miller

has provided no documentation to show why, as he claims, the April 2004 report did allow him to

discover the grounds for his motion, whereas the January 2004 report did not.

Miller alludes to his reluctance to make independent efforts to verify Reliance's sales

because he thought it might hurt his chances of realizing his "burning and lifelong goal" of being

"vice president and #2 corporate officer" in a large defense subcontractor (Reliance). Pl. Reply at

7. This does not excuse his tardy filing. Miller has utterly failed to show that his motion was filed

within a reasonable time, and the Court finds that it is untimely.

*Fraud or Other Misconduct.* Fraudulent conduct may provide sufficient grounds for

rescinding a settlement agreement, Callen v. Pennsylvania R. Co., 332 U.S. 625, 630 (1948);

Asberry v. United States Postal Svc., 692 F.2d 1378, 1380 (Fed. Cir. 1982), and Rule 60(b)(3)

sets forth fraud as a basis for relieving a party of a final judgment or order. Under Rule 60(b)(3),

the movant has the burden to show clear and convincing proof of fraud, misrepresentation or

other misconduct. Cummings, 365 F.3d at 955. The application for relief must be "clearly

substantiated by adequate proof," id., and the proof must be of such importance that it would

likely have altered the outcome. Wilikin v. Sunbearm Corp., 466 F.2d 714, 717 (10th Cir. 1972);

*see also* Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 952 (10th Cir. 1990)

(movant must prove by clear and convincing evidence that adverse party committed fraud); Consolidated Gas & Equip. Co. of America v. Carver, 257 F.2d 111, 114 (10th Cir. 1958) (application must be clearly substantiated by adequate proof).  The burden of establishing fraud is on the movant.  Abel v. Tinsley, 338 F.2d 514, 516 (10th Cir. 1964); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966).  A claim that defendants engaged in misconduct must also be supported with clear and convincing evidence.  Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999); Cummings, 365 F.3d at 955.  Plaintiff Miller has not produced any proof of fraud or other misconduct, much less clear and convincing proof of such importance that it would likely have altered the outcome.

Nevertheless, the Court has strained to discern the meaning of Miller's allegations relating to fraud.  There seem to be two areas of concern.  First, the Settlement Agreement contains a new, more restrictive definition of maintenance services than was included in the LOI.  Specifically, only "Wet Wing Services" as defined in the Settlement Agreement provide a basis for calculating the quarterly percentage payments made to Miller.  Miller claims his quarterly payments are greatly impacted by the new definition.  He alleges the following were material falsehoods upon which he relied in executing the Settlement Agreement:  (1) Defendants assured Miller of percentage payments at a certain level ("at the 2% level or higher") because of a contract between Reliance and Timco, Pl. Motion ¶ 5(A) at 2; and (2) Defendants failed to disclose other "fully consistent maintenance work" of Reliance that would alter the percentage payments "by as much as 400%."  Id. ¶ 5(B).  Additionally, Miller alleges that Defendants prevented Miller from learning about the significance of the new definition of maintenance services used in the Settlement Agreement, id. ¶ 5(C).  Miller avers that Defendants told him the

new definition would not materially alter his benefits, and that there was no current or identified

prospective work that would materially impact the change in the new definition, id. ¶¶ 5(D), (E),

whereas this change will actually result in annual payments of $19,000 instead of $80,000, id.

¶ 5 (F).

A second aspect of the negotiations surrounding the execution of the Settlement

Agreement about which Miller complains is Reliance's alleged agreement to retain him in the

company, whereas Reliance had no intention of retaining him in any capacity.  Reliance allegedly

made assurances that Miller would have a permanent management role as "number 2 man" in

Reliance's expanding business; these assurances were made merely to allay Miller's fears about

being deprived of his fair share of applicable sales, id. ¶¶ 5(G), (H), (I), (J) at 3.  Miller alleges

that all these representations were knowingly false when made, were made with the intent that

Miller rely thereon in entering into the Settlement Agreement, and that Miller relied on the

falsehoods in entering into the Settlement Agreement and approving the Order of Dismissal.  Id.

¶ 7 at 3.

The local rules of this Court require that a motion based upon factual allegations be

supported by "evidence, in the form of affidavits, deposition excerpts, or other documents."

D.N.M.LR-Civ. 7.5(b).  Plaintiff has failed to support the factual allegations made in the motion

with any admissible evidence in the form of affidavits, deposition excerpts, or other documents.[5]
However, even if the Court were to accept the factual allegations as properly supported, the
allegations fail to amount to clear and convincing proof that Miller was fraudulently induced to
enter into the Settlement Agreement.  From all appearances, Miller entered into the Settlement
Agreement with intimate, inside information about the business he was selling to Reliance, and
with the assistance of counsel in the negotiations.  He has failed to demonstrate he is entitled to
relief under Rule 60(b)(3) for fraud.

Miller also makes vague references to "negotiations and agreements with third parties,"
contending they should have been disclosed to him.  Pl. Motion ¶¶ 8, 9 at 4.  He contends that
Defendants breached a fiduciary duty by not disclosing these vaguely-stated matters to Miller
during their own negotiations leading up to execution of the Settlement Agreement.  If breach of
fiduciary duty is Miller's attempt to establish "other misconduct" under Rule 60(b)(3), the attempt
fails.

*Newly Discovered Evidence.*  A motion to set aside a judgment may be based on newly
discovered evidence.  Defendants contend that Plaintiff has failed to meet his burden to
demonstrate adequate grounds for relief under Rule 60(b)(2).  Again, the Court agrees.  Under
Rule 60(b)(2), the movant's burden is to show (1) newly discovered evidence since the judgment;

---

[5]  In his Reply brief, Miller maintains that his "tardiness" in getting facts into the record should not be
used to benefit Reliance, "the wrongdoer, who well knows the nature and extent of this and all of its fraudulent acts
towards Miller."  Pl. Reply at 2.  Miller also states that "a verification was prepared and executed in support of the
facts contained in the motion but was not included as a matter of human error aided by computer malfunction . . .."
Id. at 10.  Miller has never submitted an affidavit or "verification" to support his motion to set aside.
   Miller attempts to render admissible as evidence the rambling, muddled factual allegations contained in
his Reply brief (Doc. No. 33) by attaching to the brief his "Verification" that the facts contained in the brief "are
true and correct."  Pl. Reply at 18.  Yet he submits not a single document as supporting evidence, and Miller's rants
in his Reply brief are so baffling and confused as to be unhelpful to Plaintiff's case.

(2) diligence in discovering the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) a trial with the newly discovered evidence would probably produce a different result.  <u>Joseph v. Terminix Int'l Co.</u>, 17 F.3d 1282, 1285 (10th Cir. 1994).  After making unsupported factual allegations of misrepresentations and failures to disclose that allegedly induced him to enter into the Settlement Agreement, Miller states: "Since the entry of the Order [of Dismissal], Plaintiffs have learned of the information withheld from Plaintiffs, constituting newly discovered evidence within the meaning of Rule 60."  Pl. Motion ¶ 12 at 4.  The Court has already determined that Miller unreasonably delayed filing his motion, which implies that he did not act diligently to discover the new evidence, thus negating factor (2).  Even assuming that the unsupported factual allegations constitute newly discovered evidence - factor (1) - that is material - factor (4), I observe that Miller has failed to address factors (3) and (5).  Miller's new evidence, that he is being paid less under the Settlement Agreement than he would have been paid with a broader definition of applicable sales, and that he is disappointed by not being included at a high management level with Reliance, is not of the character to warrant Rule 60(b)(2) relief.  Therefore he has failed to establish a right to Rule 60(b) relief based on newly discovered evidence.

  *Other Reason Justifying Relief.*  Rule 60(b)(6) permits the court to relieve a party from a final judgment or order for "any other reason justifying relief."  Fed.R.Civ.P. 60(b)(6).  A district court may grant a Rule 60(b)(6) motion "only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice."  <u>Lyons v. Jefferson Bank & Trust</u>, 994 F.2d 716, 729 (10th Cir. 1993).  Extraordinary circumstances may exist when, "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."

<u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 579 (10th Cir. 1996).  A movant's burden under this catch-all provision is greater than under other subsections of Rule 60, as 60(b)(6) relief is to be granted only "when it offends justice to deny such relief."  <u>Yapp</u>, 186 F.3d at 1232 (*quoting* <u>Cashner</u>, 98 F.3d at 580).

Although Miller cites Rule 60(b)(6) in his motion, he provides neither argument nor authority to support relief under this rule.  Miller has failed to demonstrate any inequity, or any offense to justice, that would justify relief under Rule 60(b)(6).

THEREFORE IT IS ORDERED that Plaintiff Miller's Motion for Substitution Under Rule 25(c) (Doc. No. 36) is GRANTED based on Plaintiff Miller's representation that "he accepts ALL existing and potential liabilities that U.S. Fuel Cell owed, owes or may owe to Reliance arising from or as a result of this litigation;" and Plaintiff Evan F. Miller is hereby substituted for Plaintiff U.S. Fuel Cell, LLC as the sole Plaintiff in this litigation;

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside Order of Dismissal with Prejudice and Settlement Agreement, or in the Alternative Motion to Enforce Settlement Agreement (Doc. No. 23) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE